IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> [1] CHRISTIAN MAYSONET-DÍAZ, <br><br> Defendant. | CRIM. NO.: 15-416 (SCC) |

**OPINION AND ORDER**

On November 27, 2018, Defendant Christian[1] Maysonet-Díaz pleaded guilty to one count of armed carjacking in violation of 18 U.S.C. §§ 2 and 2219(1) and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A). *See* Docket No. 136. The Court entered judgment against him as to those two counts on July 18, 2019, and he was sentenced to 143 months in prison – seventy-seven months as to Count One and sixty-six months as to Count Two. *See* Docket No. 158.

---

[1] While the record provides this spelling of Defendant's name, Defendant in his petition spells his name as "Christhian." For purposes of this Opinion and Order, we will use the spelling indicated in the record.

Before the Court is Defendant's unspecified request, filed on October 27, 2020 – fifteen months after judgment was entered against him, that the Court review his case in light of several Supreme Court decisions regarding a portion of 18 U.S.C. § 924(c). *See* Docket No. 164. Defendant cites *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *United States v. Davis*, 139 S. Ct. 2319 (2019), *Dean v. United States*, 137 S. Ct. 1170 (2017) and *Johnson v. United States*, 576 U.S. 591 (2015) and asks the court to look into whether his case may benefit from these decisions. *See id.* Defendant also seeks appointment of counsel, as well as certain transcripts and document copies. *See* Docket Nos. 166, 167, 168 and 169.

However, Defendant does not provide, and the Court cannot find, a legal basis through which Defendant may make such a direct request for reevaluation of his case with this Court, rather than a collateral attack on the judgment entered against him. As such, we make no decision on the merits as to whether his case is affected by recent Supreme Court decisions on § 924(c). For the same reasons, Defendant is not entitled to appointment of counsel or a copy of the transcripts and other documents he requests at this time. Moreover, his request constitutes a post-conviction motion, and he therefore does not have an automatic right to counsel at this stage of the proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56

U.S.A. v. MAYSONET-DÍAZ                                                             Page 3

(1987) (clarifying that "the right to appointed counsel extends to the first appeal of right, and no further.").

Therefore, Defendant's Motions at Docket Numbers 164, 166, 167, 168 and 169 are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of April, 2020.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE